FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 11, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS ERIC SCHOTT,<br><br>Defendant. | No. 4:19-CR-06066-SAB-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE AND MOTION FOR RELEASE FOLLOWING COMPLETION OF INPATIENT TREATMENT AND SETTING CONDITIONS OF RELEASE<br><br>**ECF Nos. 35, 36** |

On May 8, 2020, the Court held a hearing on Defendant's Motion for Release Following Completion of Inpatient Treatment, ECF No. 35, and Motion to Expedite. ECF No. 36. Pursuant to General Order 20-101-3 and the CARES Act, Pub. L. No. 116-136 (H.R. 748) (eff. March 27, 2020), the Court found that video conferencing was not reasonably available for Defendant. With his consent, Defendant participated by phone represented by court-appointed counsel Michael Lynch, who appeared by video. Assistant United States Attorney Benjamin Seal represented the United States by video.

ORDER - 1

On January 29, 2020, the Court granted in part Defendant's Motion to Reopen Detention, ECF No. 24, and ordered he be released directly to an inpatient treatment facility for cooccurring mental health and substance abuse treatment. ECF No. 27. The Court set the instant hearing to discuss the results of Defendant's treatment and review Defendant's proposed release plan. *Id*. at 2-3.

Defendant has completed the majority of a 90-day cooccurring inpatient treatment program and is scheduled to be discharged on Tuesday, May 12, 2020. Representatives of the treatment facility confirmed that Defendant has satisfied all the requirements of inpatient treatment; reported that Defendant fully participated in all aspects of the program and assumed voluntary leadership roles; and confirmed his discharge plan, which includes clean and sober housing and intensive outpatient substance abuse treatment and mental health treatment. Specifically, Defendant proposes being released directly to an Oxford House in the Tri-Cities, in which he has secured and reserved a room. His mother confirmed that she will help finance his rent. Over the United States' objection, the Court granted Defendant's motion for release following his discharge from inpatient treatment on the conditions set forth below.

Accordingly; **IT IS HEREBY ORDERED:**

1. Defendant's Motion to Expedite (**ECF No. 36**) is **GRANTED.**

ORDER - 2

2.      Defendant's Motion to Release Following Completion of Inpatient Treatment (**ECF No. 35**) is **GRANTED**. Following his discharge from the treatment facility on Tuesday, May 12, 2020, an ABHS representative will transport Defendant to Richland, where he will report to Probation for installation of the GPS location monitoring device and further instructions.

3.      If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances under 18 U.S.C. § 3142(f), that party shall file a motion with the Court, served upon the United States Attorney, stating what circumstances are new, how they are established, and the requested change in conditions of release.

4.      If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(a), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

5.      Defendant shall abide by the following conditions at all times:

**STANDARD CONDITIONS OF RELEASE**

1.      Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any

ORDER - 3

federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

2. Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

3. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

4. Defendant shall sign and complete form A.O. 199C before being released and shall reside at the address furnished.

5. Defendant shall not possess a firearm, destructive device or any dangerous weapons.

6. Defendant shall report to the U.S. Probation/Pretrial Services Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7. Defendant shall contact defense counsel at least once a week.

8. Defendant is further advised it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

ORDER - 4

9. Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

10. Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

## SPECIAL CONDITIONS OF RELEASE

1. Defendant shall remain in the Eastern District of Washington unless given permission by the United States Probation/Pretrial Services Office.

2. Defendant shall notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

3. Defendant shall avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

4. Defendant shall submit to a mental health evaluation and undergo any recommended treatment as directed by the United States Probation/Pretrial Services Office. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States

ORDER - 5

Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

5. Defendant shall submit to a substance abuse evaluation and undergo any recommended substance abuse treatment as directed by the United States Probation/Pretrial Services Office. Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial services office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program. It shall be the responsibility of defense counsel to provide such waivers.

6. Defendant shall abstain totally from the use of alcohol.

7. Defendant shall submit to random sweat patch testing, as directed by the United States Probation/Pretrial Services Office. Once random urinalysis and breathalyzer testing can resume, Defendant shall submit to random urinalysis and breathalyzer testing as directed by the United States Probation/Pretrial Services Office.

ORDER - 6

8. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

9. Defendant shall participate in a program of GPS location monitoring. Defendant shall wear, at all times, an electronic device under the supervision of the United States Probation/Pretrial Services Office. In the event Defendant does not respond to location monitoring or cannot be found, the United States Probation/Pretrial Services Office shall forthwith notify the United States Marshals Service, who shall immediately find, arrest and detain Defendant. Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation/Pretrial Services Office.

10. Defendant shall be restricted to his residence at all times except for: attorney visits; court appearances; case-related matters; court-ordered obligations; or other activities as pre-approved by the United States Probation/Pretrial Services Office or supervising officer, including but not limited to employment, religious services, medical necessities, substance abuse testing or mental health treatment.

DATED May 11, 2020.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 7